**UNITED STATES of America**

v.

**Jose Luis TORRES a/k/a Carlos Arevalo–Gomez.**

**Cr. No. 89–00033–04–P.**

United States District Court,
D. Maine.

Sept. 21, 1990.

Thimi R. Mina, Asst. U.S. Atty. Portland, Me., for U.S.

Christopher W. Dilworth, Windham, Me., for defendant.

## MEMORANDUM OF SENTENCING JUDGMENT

GENE CARTER, Chief Judge.

### I. GUIDELINES COMPUTATION

#### A. *Base Offense Level*

The Court FINDS, there being no objection, as follows:

(a) A count charging conspiracy and a count charging any substantive offense that is the sole object of the conspiracy are, pursuant to the Guidelines, to be grouped together into a single group. Therefore, Counts I and II of the Indictment are grouped together pursuant to § 3D1.2(b)(1), the Court FINDING that the offense of possession charged in Count II was the sole object of the conspiracy charged in Count I. Pursuant to § 2D1.4, the offense level for conspiracy is the same as if the object of the conspiracy had been completed.

(b) *Base Offense Level:* The applicable Base Offense Level, as determined from § 2D1.1(a)(3), is Level "32," based upon the total amount of a substance containing cocaine involved in the instant offense being nine (9) kilograms, as the Court now FINDS, based in part upon the Government's concession at the Presentence Conference on this issue.

The following findings and conclusions resolve disputed matters.

(c) *Adjustment for Obstruction of Justice:* The Court CONCLUDES that pursuant to § 3C1.1, Application Note 1(a), the Defendant's offense level is

increased by two (2) levels, to Level "34," because he maintained a false identity and attempted to destroy evidence, as the Court now FINDS.

(d) *Adjustment for Role in the Offense:* The Court FINDS that this Defendant is not subject to any upward adjustment in the Base Offense Level pursuant to § 3B1.1 for any aggravating role in the offense. The Court FURTHER FINDS that Defendant is not entitled to any downward adjustment in the Base Offense Level pursuant to § 3B1.2 because of any mitigating role played by Defendant in the offense and his request for a two (2) level reduction pursuant to § 3B1.2 as a "minor participant" is hereby DENIED.

(e) *Career Offender Status:* The Court FINDS that Defendant was over eighteen (18) years of age at the time of the instant offense, which is a controlled substance offense, and that he has three prior felony convictions for distribution of cocaine; namely, one (1) on February 10, 1987 (¶¶ 41 and 42) and two (2) on May 15, 1987 (¶¶ 43 and 44, these latter offenses being subject to being treated for purposes of determination of Criminal History Category as a single related offense under § 4B1.2(3) and App. Note 3 to § 4A1.2(a)(2)). After careful study, however, the Court CONCLUDES that all three convictions were imposed in "related" cases under § 4A1.2(a)(2) and § 4B1.2(3). The Court therefore CONCLUDES that Defendant is not a Career Offender under § 4B1.1.

The Court stated the reasons for the denial of the Government's request for a determination that Defendant is a "Career Offender" on the record at imposition of sentence as follows.

After careful study, the Court CONCLUDES that all three of the subject prior convictions were imposed in "related cases" under § 4A1.2(a)(2) and § 4B1.2(3). Section 4B1.1 says that a defendant is a Career Offender if:

(1) the defendant was at least 18 years old at the time of the instant offense; [1] (2) the instant offense of conviction is a felony, that is, either a crime of violence or a controlled substance offense; [2] and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[3]

Subsection (3) to § 4B1.2, which is entitled "Definitions of Terms Used in § 4B1.1," states that:

The term 'two prior felony convictions' means

(A) The defendant committed the instant offense, subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this chapter.

Here again, in connection with this definition of "two prior felony convictions," the elements contained in sub-Part A of subsection (3) have been complied with, in that the *instant offense was committed subsequent to sustaining two felony convictions of a controlled substance offense.*

What is in dispute now is whether, under Part B of that definition, any two of the three offenses the Court has referred to may be treated, for purposes of determination of Criminal History Category and "Career Offender Status," as separate sentences. In order to determine that question, according to subsection (3), we turn to the provisions of Part A in an effort to determine whether under Part A any two of these convictions should be treated as separate sentences.

---

**1.** The Court has found this test to be satisfied here.

**2.** The Court has found that test to be met in that it has found that the instant conviction involves a controlled substance offense.

**3.** It is this latter condition that is disputed in terms of whether it is satisfied for purposes of determining this Defendant to be, on his past criminal record, a Career Offender.

We find in § 4A1.2, entitled "Definitions and Instructions for Computing Criminal History," subsection (a)(2), the following language.

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history....

Going next to Application Note 3 to that Guideline, § 4A1.2, entitled "Related Cases," which sets out the criteria for determining whether cases are "related," and which states:

Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

In applying these criteria, it is clear from what the record shows about these three offenses that they did not occur on the same occasion. The record shows that the offenses occurred on June 5, 1986, July 7, 1986, and August 19, 1986. So, these cases do not meet that criterion. That is a circumstance that militates in favor of treating them separately.

The second criterion is whether the cases were part of a single scheme or plan. We pass that for the nonce.

The third criterion is whether they were consolidated for trial or sentence. The record demonstrates in this case that there was a conviction obtained on May 15, 1987, as indicated in ¶ 43 of the Report, for the two so-called "Fairfax County offenses," and that concurrent sentences were imposed in those cases. The Court CONCLUDES from its consideration of the contents of the Guidelines that these convictions were consolidated for sentencing within the meaning of criterion 3 of Application Note 3 to Guideline § 4A1.2. Thus, the "Fairfax County Offenses" should properly be treated, in the judgment of the Court, as consolidated for sentencing and be, therefore, treated as a single offense. They are in fact related under the language in application Note 3. They will be treated as a single offense.

The question then remains whether the so-called "Alexandria offense" of August 9, 1986 can be treated as separate from the unitary "Fairfax County offenses," because, if that can be done, then there would still be, under the language of the Guidelines, two prior separate felonies for a controlled substance offense. That issue, in the view of the Court, is determined by the proper application of the second criterion in Application Note 3; whether the Alexandria conviction and the unitary "Fairfax County" convictions both occurred as part of a "single common scheme or plan."

This Guideline and this Application Note give no clear definition what that language means, and it is ambiguous language. In a broad sense, one may say, from what the record shows about these three offenses, that they were part of a general or generic scheme or plan. It would be reasonable and proper to infer by a preponderance of the evidence about those offenses that this Defendant had a general scheme or plan to distribute cocaine over a period of time, that he was engaged in doing so, and that he committed these three offenses as constituent parts of that long-range, ongoing general plan or scheme.

If that is what this language in Application Note 3, criterion 2, means, then they are "related cases." If, on the other hand, that language means something narrower (which the Court thinks is reasonable facial construction also), that is, that the specific offenses must be committed as part of a definitive, discrete scheme to commit those specific offenses, then they are not "related" because the evidence here would not justify the conclusion that this Defendant, in committing those offenses, had a single unified purpose or scheme to commit those three offenses, deciding to do so at a single point in time or at points in time close together.

The question is: "What means the language?"

There is no help in the specific Guideline. It occurs to the Court that the Court may find, by reasonable analogy to what the multiple count Guidelines would say about the relatedness of these cases if the three

offenses were subject to sentence determination under the Guidelines, the intended meaning of the language.

So, the Court has assumed for the moment that the three cases are all pending here in this Court for sentencing under the Guidelines and that the question actually before the Court is whether or not they should be *grouped* as a single count for purposes of sentence imposition. In Part D, Multiple Counts, § 3D1.1(a), we find the following language: "Group the counts resulting in conviction into distinct Groups of Closely–Related Counts ('Groups') by applying the rules specified in § 3D1.2."

If we go then to the cited § 3D1.2, which is entitled "Groups of Closely–Related Counts," we find the following language.

All counts involving substantially the same harm shall be grouped together into a single Group ... Counts involve substantially the same harm within the meaning of this rule: (a) when counts involve the same victim and the same act or transaction ... (d) Counts are grouped together if the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense Guideline is written to cover such behavior.

Going back to subsection (a), it is arguable that if these three counts, on the basis of what the record shows about them, were before this Court for a Guideline Sentencing determination, they would be considered closely related and, therefore, counts to be grouped under subsection (a) if the meaning of "the same act or transaction" is *general* or *generic*, but would not be subject to grouping under that provision if "the same act or transaction" is meant to mean a *specific* or *particular* act or transaction. I pass that issue, as its resolution is, in my view, not necessary in order to decide this case.

The Court concludes, however, that those three offenses, if before this Court for a sentencing determination under the Guidelines, would be required to be grouped under § 3D1.2(d). The offenses were substance trafficking offenses and the offense level would be determined largely on the basis of the quantity of the substance involved. Further, they would be required to be grouped if the offense behavior is ongoing or continuous in nature and the offense Guideline is written to cover such behavior. That is much more loose and expansive language than the language used in criterion 2 in Application Note 3 to § 4A1.2, "a single common scheme or plan." I believe the § 3D1.2(d) language would cover these three offenses because they were all committed in a continuous course of action; that is, that they are each part of a continuous course of criminal conduct, whether or not that conduct was part of "a single common scheme or plan." The offense Guideline under which they would be considered is written specifically to cover conspiracies as ongoing offenses under the federal law.

By analogy to what would happen if those cases were before this Court under the Guidelines in terms of grouping for purposes of determination of sentence, I conclude that they should properly be treated as related sentences under Application Note 3 to Guideline § 4A1.2. That means that they cannot be treated as "separate offenses" in determining the existence of Career Offender Status pursuant to § 4B1.1(3).

I CONCLUDE that the prior offenses are *not* separate offenses as required by the Career Offender Guideline and that this Defendant does not meet criterion 3 in § 4B1.1 in respect to "Career Offender Status." Accordingly, the Government's request for determination of "Career Offender Status" in this case is hereby DENIED.

The Court FINDS that Defendant is not eligible to have the Base Offense Level decreased by two (2) levels under the provisions of § 3E1.1(a), based upon Defendant's acceptance of responsibility for the offense of conviction. The Court FINDS that Defendant has not accepted responsibility for the offense of conviction.

This Defendant's Total Offense Level is Level "34" and his Criminal History Category is Category IV.

Based on a Total Offense Level of "34" and a Criminal History Category of IV, the applicable Guideline range is two hundred ten (210) months to two hundred sixty-two (262) months. Defendant is subject to a mandatory minimum term of incarceration of one hundred twenty (120) months, pursuant to 21 U.S.C. § 841(b)(1)(A), on each count of the Indictment herein.

### B. *Findings*

The Court finds the facts to be as set out in ¶¶ 1–28, 30, 60, 62, 64–70, 76 and 78 of the Report, counsel having filed no objections thereto and advising the Court that there is no dispute as to the facts as therein stated.

Defendant's objections to the content of ¶¶ 61 and 63 of the Report have been WITHDRAWN and are no longer in issue. The Court FINDS the facts to be as stated in ¶¶ 61 and 63 of the Report.

### C. *Departure*

The Court concludes that there is no basis for a departure from the Guideline range, noting that the Government requests upward departure. That request is hereby DENIED. The Court stated the reasons for this conclusion on the record at imposition of sentence.

## II. FINDINGS WITH RESPECT TO FINES

### A.

In respect to the fine determination, the Court makes the following findings: (1) that the Guideline range for a fine is Seventeen Thousand Five Hundred Dollars ($17,500.00) to Eight Million Dollars ($8,000,000.00) under Guideline § 5E1.2(c)(4) and 21 U.S.C. § 841(b)(1)(A); and (2) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of any fine including the additional fine required by § 5E1.2, and all fines are hereby ORDERED to be WAIVED pursuant to the terms of subsections (i) and (f) of Guideline § 5E1.2. The

Court, having considered alternative sanctions in lieu of the waived fine, finds no sanction to be available.

### B.

The Court concludes that Defendant is not eligible for admission to probation under § 5B1.1(b)(1) and 18 U.S.C. § 3561(a)(1) because the offense of conviction is a Class A felony.

## III. SUPERVISED RELEASE

The Court concludes that a minimum term of five (5) years of supervised release is mandated pursuant to 21 U.S.C. § 841(b)(1)(A) and Guideline § 5D1.2(a). The Court FINDS that a term of five (5) years supervised release is appropriate for future protection of the public and to maximize the Defendant's potential for rehabilitation once released from incarceration.

## IV. JUDGMENT

IT IS HEREBY ADJUDGED that on Counts I and II of the Indictment herein, the Defendant be, and he is hereby, committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of two hundred sixty-two (262) months.

IT IS FURTHER ADJUDGED that all fines herein are hereby WAIVED including the additional fine pursuant to § 5E1.2.

IT IS FURTHER ADJUDGED that on the Indictment herein, Defendant shall serve a term of Supervised Release, under § 5D1.2(a) of five (5) years, to commence upon his release from incarceration.

The conditions of such Supervised Release shall be those specified in Guideline § 5B1.4(a)(1)–(13) and the "special" conditions that:

(1) Defendant shall fully abstain from any use or possession of contraband substances or any intoxicants during the period of his supervised release;

(2) Defendant participate in a substance abuse therapy program approved by the supervising officer, if required by said officer during the period of his

supervised release, which shall include testing to determine whether Defendant has reverted to the use of drugs;

(3) Defendant not commit any crimes, federal, state, or local, during the period of his supervised release; and

(4) Defendant shall remain continuously and gainfully employed for compensation during the period of supervised release;

IT IS FURTHER ADJUDGED that Defendant pay a felony assessment of Fifty Dollars ($50.00) on each count of conviction, for a total of One Hundred Dollars ($100.00).

Defendant is hereby REMANDED forthwith in execution of the incarceration term of this sentence.

The Court stated the reasons for this sentence on the record at imposition of sentence.

Defendant was advised of his right to appeal the sentence imposed and his conviction.